IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



SPECK ARON ROSS §
§
§
VS. § NO. 4:10-CV-675-A
§ (NO. 4:08-CR-024-A)
§
UNITED STATES OF AMERICA §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Speck Aron Ross, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's reply, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Movant on April 25, 2008, pleaded guilty to counts two and three of a three-count indictment: count two, possession with intent to distribute more than five grams of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and count three, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The court on August 15, 2008, sentenced movant to a total of 420

months' imprisonment, to be followed by a five-year term of supervised release as to each count, to run concurrently with each other. On June 29, 2009, the United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Ross, 334 F. App'x 700 (5th Cir. 2009). The United States Supreme Court denied certiorari on November 2, 2009.

II.

Grounds of the Motion

As the first ground for relief, movant claims the court erred at sentencing by characterizing his previous drug activities as relevant conduct. As his second ground, movant questions whether the two-level increase in his sentence for role adjustment was appropriate, warranted, and reasonable under United States Sentencing Guideline § 3B1.1. As the third ground, movant contends he was not required to admit all relevant conduct in order to obtain a reduction under United States Sentencing Guideline § 3E1.1. For the fourth ground, movant maintains that he received ineffective assistance of trial and appellate counsel.

As the factual basis for ground one, movant contends that the court erred in calculating his sentence by considering his

2005, 2006, and 2008 offenses as conduct relevant to the offense of conviction. As to the factual basis for ground two, movant argues that nothing in the record, including the indictment, plea agreement, plea colloquy, and factual resume, support the court's imposition of a two-level increase in his sentence as an organizer, leader, manager, or supervisor of at least one other participant. Movant contends as the factual basis for ground three that the court at sentencing improperly denied him a reduction for acceptance of responsibility, because he was not required to affirmatively admit all relevant conduct beyond the offense of conviction in order to obtain the reduction.

As the factual basis for ground four, movant complains that his trial attorney failed to render effective assistance because: (A) he advised movant to plead guilty based upon the erroneous assumption that he would only be held accountable for the amount of drugs listed in the factual resume, and advised him that his case was not a jointly undertaken activity and did not involve the actions of others; (B) he failed to object to introduction of a transcript of a videotaped interview with Stacie Klemens ("Klemens"), an incarcerated person with whom movant dealt drugs between 2005 and 2006, as a breach of the terms of the plea agreement, and instead hired a private investigator to interview

3

Klemens, resulting in a harsher sentence; and (C) his appellate counsel failed to raise on appeal all of the issues communicated to him by movant, including the extraneous relevant conduct used at sentencing and the adjustment for his role in the offense.

III.

## Treatment of § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

## None of the Grounds Has Merit

The common theme underlying grounds one, two, and three is that the court misapplied the sentencing guidelines, thus improperly increasing movant's sentence. It is well-settled that a district court's application of the sentencing guidelines is not subject to collateral review in a motion pursuant to § 2255. See, e.g., United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Similarly, movant may not raise in a motion pursuant to § 2255 claims that could have been raised on direct appeal but were not, or those raised and rejected on direct appeal, such as his claims concerning denial of acceptance of responsibility. See United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995).

As to ground four, to prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. The court need

5

not address both components of an ineffective assistance of counsel claim if movant makes an insufficient showing as to one. Id. at 697. In the context of a plea agreement, movant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

A.  Guilty Plea

Movant claims his attorney advised him to plead guilty to count two of the indictment so that his sentencing exposure would be limited to the conduct and drug quantities set forth in the factual resume, and advised him that his was not a case involving

a "jointly undertaken activity,"[1] Movant's Mem. and P. & A. in Supp. of Mot. Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence at 14. Movant contends that at his rearraignment the court was never advised of any relevant conduct, and conducted the rearraignment hearing only on the facts alleged in the plea agreement and the factual resume. Movant further contends that the "statutory minimum sentence advised by this court was 5 years." Id. In his reply to the government's response, movant maintains that he does not contend that his counsel's conduct rendered his guilty plea unknowing and involuntary. Rather, movant contends the court should vacate his sentence on the basis of the errors described above because those acts "were not the result of reasonable professional judgment" and hence he has shown both deficient performance and prejudice as required by Strickland. Reply at 5.

The record in this case fails to establish prejudice. Regardless of the things movant contends his attorney told him prior to his rearraignment hearing, during that proceeding the court informed movant that: the court was required to consider

---

[1] Throughout his motion, movant persists in his argument that nothing in the indictment charged him with conduct involving another or with the aid of a participant. The court advised movant at his rearraignment that the court would rely on information prepared by the probation officer in the presentence report. The presentence report contained information concerning movant's drug dealings with other individuals, and it was on this information the court relied in assessing movant's sentence.

the applicable sentencing guidelines, but could depart from the guidelines under some circumstances; the court was not bound by the facts stipulated between the defendant and the government; the court could impose punishment that disregarded stipulated facts or took into account facts not mentioned in the stipulated facts; and, the sentencing guidelines applicable to movant could not be determined until after preparation of the presentence report. The court specifically advised movant that "I rely very heavily on [the presentence report] in determining what sentence to impose." Rearraignment Tr. at 9. Movant testified that he understood all of the court's explanations concerning the sentencing process. Id. at 7, 10. Movant was thus aware that the court would consider facts other than those set forth in the factual resume. The presentence report contained a description of movant's drug dealings and other relevant conduct, upon which the court relied in imposing movant's sentence.

Further, during the rearraignment hearing counsel for the government read the portion of the plea agreement citing the potential penalties for each of the counts to which movant pleaded guilty: for count two, imprisonment of not less than five nor more than forty years, and for count three, imprisonment for a period of not less than five years nor more than life, to

8

run consecutively to any term of imprisonment imposed as to count two, with a maximum term of imprisonment for the two counts combined of not less than ten years nor more than life, plus monetary fines as to each count. Id. at 16-17. Movant testified he understood that by pleading guilty he was subjecting himself to such penalties. Id. at 19. During his rearraignment hearing, movant testified that he had read the plea agreement and factual resume, discussed the documents with his attorney, and understood "exactly" what they said and their legal significance prior to signing them. Id. at 12-13. The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Considering movant's testimony during the rearraignment hearing, without regard to whether movant has shown counsel committed errors, he has failed to show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

B.  Failure to Object

Movant contends his counsel was deficient for failing to object to use of the transcript of Klemens's video interview as a breach of the government's promise in the plea agreement not to

9

bring additional charges against movant based on the conduct underlying his plea agreement. Contrary to movant's contentions, the government brought no additional charges against movant based on the interview with Klemens. Rather, Klemens's involvement with movant was outlined in the presentence report, and the government introduced the transcript of her interview to help determine the drug quantity attributable to movant. Sentencing Tr. at 19-21. Failure to make a frivolous objection does not constitute ineffective assistance of counsel. Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998).

To the extent that movant contends counsel's failure to object to the use of Klemens's interview transcript resulted in a denial of his acceptance of responsibility, that contention too is without merit. At sentencing, the court made clear that the denial of a reduction for acceptance of responsibility was based on movant's conduct, including his denial of his relationship with Klemens and the extent of his drug activities, and that the court agreed with the probation officer's assessment in the presentence report concerning failure to accept responsibility. Thus, the denial of a reduction for acceptance of responsibility rests solely on movant's own conduct, not that of counsel.

C.  <u>Appellate Counsel</u>

To prevail on his claim of ineffective assistance of appellate counsel, movant must show a reasonable probability that, but for counsel's errors, the result of the appeal would have been different.  <u>Sharp v. Puckett</u>, 930 F.2d 450, 453 (5th Cir. 1991).  Movant has failed to make such a showing.

Movant's claim as to his appellate counsel rests on the attorney's failure to raise on appeal arguments concerning the enhancement to movant's sentence as a leader/organizer, and the court's consideration of his earlier offenses as relevant conduct.  These arguments are meritless.  The U.S. Sentencing Guidelines Manual § 1B1.3, comment (backg'd), expressly provides that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."  Likewise, "[t]he determination of a defendant's role in the offense is to be made on the basis of all" relevant conduct.  <u>Id.</u> at Ch. 3, Pt. B, intro. comment.  The arguments movant claims appellate counsel should have made were thus frivolous and foreclosed by the sentencing guidelines.  Counsel is not required to raise every non-frivolous argument on appeal, and movant has not alleged, much less shown, that there is any probability he would have

11

prevailed on these points on appeal. See U.S. v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004).

D. Evidentiary Hearing

Because it affirmatively appears from the papers on file with the court that the claims asserted in the motion are without merit, movant is not entitled to an evidentiary hearing. 28 U.S.C. § 2255(b).

V.

ORDER

Therefore,

The court ORDERS that the motion of Speck Aron Ross to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 14, 2011.

_____
JOHN McBRYDE
United States District Judge

12